Filed 6/5/26  P. v. Kindschy CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CRAIG ALLEN KINDSCHY,<br><br>    Defendant and Appellant. | C101726<br><br>(Super. Ct. No. 99F06914) |

Defendant Craig Allen Kindschy appeals a resentencing order made under Penal Code section 1172.75.[1]  He contends the trial court erred in " 'reaffirm[ing]' " a $1,200 restitution fine (§ 1202.4) and corresponding $1,200 parole revocation fine (§ 1202.45) from his original 2001 conviction.

This court granted defendant's request to file supplemental briefing arguing that the restitution fine must be vacated because it is more than 10 years old.  (§ 1465.9, subd. (d).)  We agree and will vacate the fine.

---

[1] Undesignated statutory references are to the Penal Code.

1

As to the parole revocation fine, in light of *People v. Kopp* (2025) 19 Cal.5th 1 (*Kopp*), which was decided while this appeal was pending, we will remand for reconsideration of the parole revocation fine. We otherwise affirm the judgment.

## I.  BACKGROUND

Given the narrow nature of the contentions on appeal, we recite only the necessary relevant facts.

In 2001, defendant was serving a 25-year-to-life sentence for a 1993 murder conviction in a Napa County case not at issue here. That same year, he was convicted of possession of unauthorized drugs in prison. (§ 4573.6.) The trial court sentenced defendant to six years in prison consecutive, including the low term of two years on the principal count, doubled due to a prior strike, and two 1-year prior prison term enhancements (§ 667.5, former subd. (b)). It also imposed a $1,200 restitution fine (§ 1202.4) and a corresponding $1,200 parole revocation fine (suspended unless parole is revoked) (§ 1202.45).

Between 2011 and 2018, defendant had three additional felony convictions. Between 2016 and 2024, defendant had 14 prison rule violations, including two for possession of a deadly weapon and one in 2019 for attempted murder.

In December 2023, defendant petitioned for resentencing, asking the trial court to strike the two prior prison term enhancements and his prior strike. During the July 2024 resentencing hearing, defendant additionally asked the trial court to waive all fines and fees because he was indigent. Defendant was incarcerated, not working, and had no discernable income or prospects for income. The prosecutor "underst[ood] [defendant's] position" regarding the restitution and parole revocation fines but objected to waiving or staying the standard fines.

2

The trial court denied defendant's *Romero*[2] motion and struck the two prior prison term enhancements. The court "recogniz[ed]" that defendant had asked to have the fines stricken, but the court "decline[d] to exercise its jurisdiction to do so" and instead "reaffirm[ed]" the prior orders.

Defendant timely appealed.

## II.  DISCUSSION

### A.  *Restitution Fine*

Defendant argues the restitution fine must be vacated because more than 10 years have elapsed since the trial court imposed the fine. The People agree, and so do we.

Effective January 1, 2025, Assembly Bill No. 1186 (2023-2024 Reg. Sess.) added subdivision (d) to section 1465.9, which provides: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."

Here, the trial court imposed a $1,200 restitution fine when it sentenced defendant in 2001. Because more than 10 years have elapsed since the date of imposition, we will order the restitution fine vacated.

### B.  *Parole Revocation Fine*

Citing *Kopp*, defendant argues the $1,200 parole revocation fine violates the excessive fines clauses of both the federal and state Constitutions and asks us to reduce it to the $300 statutory minimum. He further asks us to stay the fine pending proof of defendant's ability to pay it. The People urge us to affirm, arguing the fine does not violate the excessive fines clauses. We will remand the matter for further proceedings on the parole revocation fine.

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

In *Kopp*, our Supreme Court clarified that, "[a]lthough fines may properly be imposed as punishment for crime," the excessive fines analysis under the state and federal Constitutions is the "proper vehicle to challenge punitive fines" such as parole revocation fines. (*Kopp, supra*, 19 Cal.5th at p. 23, disapproving *People v. Dueñas* (2019) 30 Cal.App.5th 1157.) In addition, a trial court must conduct an ability to pay hearing before imposing a restitution fine (or corresponding parole revocation fine) that exceeds the statutory minimum of $300. (*Id.* at pp. 17, 30.)

The defendant in *Kopp* challenged the fines based on his inability to pay but never raised the excessive fines clause of the state or federal Constitutions. (*Kopp, supra*, 19 Cal.5th at p. 10.) Despite defendant's request, the trial court imposed the maximum restitution and corresponding parole revocation fines. (*Id.* at pp. 10, 13.) Our Supreme Court reversed and remanded the matter to give the defendant the opportunity to challenge the fines based on the excessive fines clause analysis, including inability to pay. (*Id.* at pp. 23-24, 30; see also *id.* at p. 17 ["[t]o set the proper amount of the parole revocation fine, the court on remand must determine what amount the restitution fine would have been," including an analysis of the defendant's "inability to pay any fine in excess of the minimum $300"].)

As in *Kopp*, the trial court here imposed a parole revocation fine exceeding $300 despite defendant's request to have the fines stricken based solely on inability to pay. Like the defendant in *Kopp*, defendant should be given the opportunity on remand to assert that the fine violates the excessive fines clauses under the principles announced in *Kopp*, as well as his ability to pay any fine in excess of $300 as a statutory factor. (*Kopp, supra*, 19 Cal.5th at pp. 23-24.)

### III.  DISPOSITION

The $1,200 section 1202.4 restitution fine and $1,200 section 1202.45 parole revocation fine are vacated. In all other respects, the judgment is affirmed. The matter is remanded for the limited purpose of imposing a parole revocation fine consistent with

this opinion and the Supreme Court's opinion in *Kopp.* The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

/S/
_____
RENNER, J.

We concur:

/S/
_____
EARL, P. J.

/S/
_____
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.